**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Criminal Case No. 15-20319
                                                                     Civil Case No. 18-13358

ROY EDWARD BROWNLEE,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION
AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the court is Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Defendant initially filed his motion using a (court-approved) pro se form without an accompanying brief. He later filed an Amended Motion developing his claims. (ECF Nos. 98, 108). The motion has been fully briefed (ECF Nos. 107, 116, 118) and, for the reasons explained below, will be denied.

**I. BACKGROUND**

Defendant was charged in a nine-count superseding indictment with: conspiracy to distribute controlled substances causing death (Count 1); distribution of controlled substances (Count 2); attempted distribution of controlled substances (Counts 5 and 8); being a felon in possession of a firearm (Counts 3, 6, 9); and engaging in a firearms business without a license (Counts 4 and 7). (ECF No. 20, PageID.47–55.) The government offered to dismiss Counts 2–9 if Defendant would plead guilty to Count 1, which would carry a 20-year mandatory minimum sentence for him. (ECF No. 105, PageID.1176–78.) Defendant pleaded not guilty and went on to trial. (ECF No. 66, PageID.293–95.)

The jury returned a verdict finding Defendant guilty on all nine counts. (*Id.*) Count One of the verdict form contained a special question asking whether the jury found that the controlled substances distributed during the course of the conspiracy caused a specified victim's death. (*Id.*) The jury answered no. (*Id.*)

Because of his prior convictions, Defendant was deemed both a career offender and an armed career criminal eligible for sentencing enhancements under §§ 4B1.1 and 4B1.4 of the Federal Sentencing Guidelines. (ECF No. 105.) He was sentenced to 360 months imprisonment followed by five years of supervised release. (ECF No. 84, PageID.1066–1071.) His conviction was affirmed by the Sixth Circuit, and his petition for a writ of certiorari was denied. (ECF Nos. 91, 94.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)).

Defendant grounds his motion upon the alleged inadequacy of his legal representation. To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v.*

2

*Washington*, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, Defendant "must show that the deficient performance prejudiced the defense." *Id.* at 687–88.

### III. DISCUSSION

Defendant's original motion claims ineffective assistance of counsel based on his counsel's performance at the plea-negotiations, trial, and sentencing stages. (ECF No. 98, PageID.1152; ECF No. 108, PageID.1231, 1235.) He does not allege any conduct by counsel related to his plea negotiations, however, and the record does not suggest any deficient representation in that regard. Defendant's arguments based on counsel's alleged errors at trial and related to sentencing will be addressed in turn.

First, Defendant argues that counsel was ineffective at trial because he failed to object to the jury instructions or move to set aside the verdict as to Count One. Specifically, he argues that the jury failed to establish all the elements of Count One because they answered "no" to the special question. (ECF No. 118, PageID.1285–86.) Defendant argues that without the jury finding that he caused the death of the victim, there should have been a finding of not guilty on Count One. (*Id.*)

The Sixth Circuit rejected this argument on appeal, explaining:

Count 1 of the indictment charged Brownlee with violating 21 U.S.C. § 841(a)(1) and § 846. Taken together, the two statutes make it a crime to conspire to distribute controlled substances. Count 1 also listed the associated penalty provision, § 841(b)(1)(C). Although § 841(b)(1)(C) generally permits a *maximum* sentence of 20 years in prison for violations of § 841(a), it imposes a *minimum* sentence of 20 years "if death . . . results from the use of" the drugs involved in the conspiracy. The jury

3

> found Brownlee guilty of the substantive offense, conspiring to distribute drugs. But it found that the sentencing enhancement did not apply because the drugs sold by Brownlee did not cause Benny's death. There is nothing inconsistent about these two conclusions. Consistent with the evidence introduced at trial, it was possible that Brownlee distributed controlled substances, just not the controlled substances that killed Benny.

(ECF No. 91, PageID.1125); *United States v. Brownlee*, 716 F. App'x 472, 474–75 (6th Cir. 2017). As the court explained, a finding of death resulting from the use of the drugs was not an element of the conspiracy charge but rather related to a possible sentencing enhancement. *Id.* Therefore, defense counsel did not perform deficiently by failing to object to the instructions or move to set aside the verdict regarding Count One. Nor was Defendant prejudiced by counsel's failure to do so since the argument lacked merit. Defendant's claim based on ineffective assistance at trial fails.

Defendant's other arguments relate to sentencing. He alleges his counsel failed to investigate and object to his prior convictions qualifying as predicate offenses for enhancement purposes. Defendant argues that his prior convictions for delivery of marijuana do not constitute "serious drug offenses" under § 924(e)—and thus do not support his classification as an armed career criminal under § 4B1.4—because a conviction under Mich. Comp. Laws § 333.7401 does not carry a sentence of ten years or more and the statute's definition of "delivery" is too broad. (ECF No. 108, PageID.1236–43.) He also argues that because these convictions are from 1999, they are too remote in time to be considered under § 4A1.2. (*Id.*, PageID.1243–45.)

Defendant's sentencing claims fail because he does not show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94. As the government points out in its response, Defendant had other prior qualifying drug convictions beyond those for

4

delivery/manufacture of marijuana. (ECF No. 116, PageID.1275.) Indeed, Defendant notes in his sentencing memorandum that he has two cocaine-related convictions for which he was sentenced to two to 40 years in custody. (ECF No. 83, PageID.1058.) Together with his conviction for assault with intent to do great bodily harm less than murder under Mich. Comp. Laws § 750.84, these constitute sufficient qualifying predicate offenses to have his sentence enhanced as an armed career criminal.

Moreover, regardless of Defendant's classification as an armed career criminal, his offense level was the same given his career offender status. *See* Presentence Investigation Report ¶¶ 34–35. Under § 4B1.1,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant's prior felony convictions under Mich. Comp. Laws § 333.7401 are controlled substance offenses, which support his career-offender classification. *See United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018) (citing *United States v. House*, 872 F.3d 748, 753–54 (6th Cir. 2017); *United States v. Tibbs*, 685 F. App'x 456, 462–64 (6th Cir. 2017)) ("This court has previously held . . . that a conviction for violating the aforementioned Michigan statute qualifies as a predicate offense under U.S.S.G. § 4B1.1."). Defendant qualified for a sentence enhancement under § 4B1.1, and he cannot show he was prejudiced by counsel's failure to contest his predicate offenses.

Finally, Defendant's argument that his prior convictions were too remote to serve as predicates is incorrect. The applicable time period for computing criminal history is set forth in § 4A1.2(e)(1):

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Defendant was sentenced on April 9, 1999 to two to 40 years custody in one drug case and two to 40 years in another drug case. Presentence Investigation Report ¶¶ 47–48. He was incarcerated until September 29, 2002, when he was placed on parole. *Id.* The conduct underlying the present convictions occurred from approximately January 2015 to May 2015. *Id.* ¶¶ 11–16. Since Defendant was serving sentences of imprisonment exceeding one year and one month within fifteen years of his commencement of the instant offense, his prior convictions were properly included in his criminal history.

## IV. CONCLUSION

Because Defendant has failed to make the required showing to establish a claim for ineffective assistance of counsel, the court will deny his § 2255 Motion. The court will also deny a Certificate of Appealability because jurists of reason would not debate the court's analysis with respect to Petitioner's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly,

IT IS ORDERED that Defendant's motion for relief under 28 U.S.C. § 2255 (collectively, ECF Nos. 98, 108) is DENIED and Certificate of Appealability is DENIED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner            /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\15-20319.BROWNLEE.Deny2255.docx