# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 15-20319

ROY EDWARD BROWNLEE,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

Defendant Roy Edward Brownlee was convicted by jury on September 15, 2016, of conspiring to distribute controlled substances with death resulting, 21 U.S.C. §§ 841(a)(1), 846, distributing controlled substances, 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), willfully engaging in a firearms business without a firearms dealer license, 18 U.S.C. § 922(a)(1)(A), and attempting to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 84, PageID.1066.) On February 9, 2017, the court sentenced him to 360 months imprisonment. (*Id.*, PageID.1067.)

Defendant has filed a "Motion to Reduce Sentence." (ECF No. 136.) He argues that the health risk presented by the Coronavirus Disease ("COVID-19") at his location of confinement, FCI Gilmer, warrants compassionate release under 18 U.S.C. § 3582(c)(1)(A). The matter has been thoroughly briefed. (ECF Nos. 140, 142, 144.) The court has reviewed the record, and for the reasons provided below, Defendant's motion will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent."

*Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On February 27, 2021, the BOP offered Defendant the Pfizer COVID-19 vaccine. In a signed statement, he refused to receive the vaccine. (ECF No. 144-1, PageID.1565.) Available scientific evidence demonstrates that the Pfizer vaccine is extraordinarily effective at reducing the risk of COVID-19 infection. *See*, *e.g.*, *Moderna COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited May 12, 2021) (noting that in clinical trials Pfizer vaccine was "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business

Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited May 12, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control"). The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals.

The court does not find that the existence of COVID-19, and the possibility Defendant could contract the disease in the future, present extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). Defendant was given the opportunity to receive a safe, effective, and reliable vaccine, and he refused. Centers for Disease Control and Prevention, *supra*; Thompson et al, *supra*; Business Wire, *supra*. (ECF No. 144-1, PageID.1565.)

Defendant does not convincingly establish that his conditions are exceptional and demand immediate release when he intentionally prevents prison officials from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner will not be heard to complain of the risk of severe illness while he simultaneously avoids basic, sensible precautionary measures such as vaccination. Allowing a prisoner to qualify for compassionate release in the face of his refusal to receive a COVID-19 vaccine would serve to discourage prisoners from becoming vaccinated. This court is exceedingly hesitant to provide prisoners an incentive to *increase* their risk of contracting COVID-19 and developing severe symptoms. Such a result would be plainly counter-productive and dilute the ameliorative purposes of compassionate release.

Consistent with this reasoning, courts have regularly denied motions for compassionate release on the basis of COVID-19 when prisoners have declined to

receive a COVID-19 vaccine. *See*, *e.g.*, *United States v. Toney*, Case No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.) ("Courts in this circuit have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine."); *United States v. Carter,* Case No. 13-20422, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (Murphy, J.) (holding that a prisoner did not present extraordinary or compelling circumstances where the prisoner "declined to receive the COVID-19 vaccine"); *United States v. Cohen*, Case No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) (Edmunds, J.) ("The Court agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic."); *United States v. MacGregor*, Case No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (Leitman, J.) (holding that a prisoner "failed to show that there were extraordinary and compelling reasons justifying his release because a COVID-19 vaccine had been offered to him, and he declined to take the vaccine").

Furthermore, and despite Defendant's choice to refuse a COVID-19 vaccine, prison authorities have substantially reduced the risk of spread and exposure to COVID-19 through the vaccination of other inmates. Defendant is confined at FCI Gilmer. Out of 1,531 inmates incarcerated at the prison, 942 are fully vaccinated. *FCI Gilmer*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/gil/ (last visited May 12, 2021); *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 12, 2021). Consequently, there a zero active cases of COVID-19 among inmates at FCI Gilmer. *COVID-19: Coronavirus*, *supra*.

In all, with Defendant refusing to receive a COVID-19 vaccine, there is no more than an exceedingly slim possibility that COVID-19 will spread through FCI Gilmer, that prison officials will then fail to contain the outbreak, that Defendant will contract COVID-19, and that he will subsequently develop life-threatening symptoms.

Such speculative possibilities of harm—almost entirely *avoidable* harm—do not justify the extraordinary remedy of early release from a proper sentence. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (ECF No. 136) is DENIED.

        s/Robert H. Cleland        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-20256.BROWNLEE.MotiontoReduceSentence.RMK.docx