**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

               Plaintiff,

v.

                                        Case No. 15-20319

ROY EDWARD BROWNLEE,

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**SECOND MOTION FOR COMPASSIONATE RELIEF AND**
**MOTION FOR SENTENCE MODIFICATION OR REDUCTION**

Before the court is Defendant Roy Edward Brownles's second motion for

compassionate release or reduction of sentence.[1] (ECF Nos. 150, 152.) Defendant has

also requested sentence reduction pursuant to the First Step Act of 2018. (ECF No.

158.) The motions have been fully briefed. Having reviewed the record, the court finds a

hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court

will deny the motions.

## I.   BACKGROUND

Defendant was convicted by a jury on September 15, 2016, of conspiring to

distribute controlled substances with death resulting, 21 U.S.C. §§ 841(a)(1), 846,

distributing controlled substances, 21 U.S.C. § 841(a)(1), being a felon in possession of

---

[1]     Defendant has previously filed a "Motion to Reduce Sentence," arguing that the health risk presented by the Coronavirus Disease ("COVID-19") at his location of confinement, FCI Gilmer, warrants compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 136.). The court denied the motion (ECF No. 145), which was affirmed on appeal, _United States v. Brownlee_, No. 21-2591, 2022 WL 354041 (6th Cir. Jan. 4, 2022).

a firearm, 18 U.S.C. § 922(g)(1), willfully engaging in a firearms business without a

firearms dealer license, 18 U.S.C. § 922(a)(1)(A), and attempting to distribute controlled

substances, 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 84, PageID.1066.) On February 9,

2017, the court sentenced him to 360 months imprisonment. (*Id.*, PageID.1067.)

## II.  DISCUSSION

### A.  Compassionate Release

The federal compassionate release statute has "three substantive requirements."

*United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, there must be

"extraordinary and compelling reasons warrant[ing] [] a reduction [of sentence]." 18

U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C.

§ 3553(a) must weigh in favor of a sentence reduction. *Id.* Third, a sentence reduction

must be "consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* When a prisoner moves for compassionate release himself, as in this

case, there is no applicable policy statement issued by the Sentencing Commission,

and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11

(6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021).

Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary

and compelling" circumstances and must have § 3553(a)'s sentencing factors weighing

in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that

a court has "full discretion to define 'extraordinary and compelling'" and must also

"determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

### 1. Extraordinary and Compelling Reasons

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

The court and the Sixth Circuit have previously held that Defendant's medical conditions amid the COVID-19 pandemic, with him declining vaccination, do not present extraordinary and compelling reasons justifying compassionate release. *United States v. Brownlee*, No. 21-2591, 2022 WL 35404, at *1 (6th Cir. Jan. 4, 2022). Even if Defendant justifiably refused vaccination based on his religious beliefs, "prison authorities have substantially reduced the risk of spread and exposure to COVID-19 through the vaccination of other inmates." (ECF No. 145, PageID.1570.)

Defendant's assertion that he was unconstitutionally convicted, unjustly sentenced, or more harshly treated than his co-defendant (*See e.g.,* ECF No. 150, PageID.1593-94) does not present an extraordinary and compelling basis. This is the type of argument that should be raised on direct appeal or a motion under 28 U.S.C. § 2255, both of which avenues Defendant has tried and failed. *United States v. Brownlee*, 716 F. App'x 472 (6th Cir. 2017); *Brownlee v. United States*, No. 19-2134, 2020 WL 1520113, at *2 (6th Cir. Feb. 11, 2020). The court is unable to entertain this argument in considering compassionate release. *See United States v. Martin*, 367 Fed. Appx. 584,

585 (6th Cir. 2010) ("[Section] 3582(c)(2)'s narrow ambit excludes constitutional challenges.").[2]

Defendant is left with his post-sentencing rehabilitative efforts. However, "Congress has made clear that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. Burlingame,* 586 F. Supp. 3d 705, 710 (E.D. Mich. 2021) (Ludington, J.) (alterations in original omitted) (citing 28 U.S.C. §944(t); *United States v. Hatcher*, No. 01-80361, 2021 WL 1056841, at *3 (E.D. Mich. Mar. 19, 2021) (Steeh, J.)).

Accordingly, extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a reduction of sentence.

## 2.  § 3553(a) Sentencing Factors

Additionally, the factors under 18 U.S.C. § 3553(a) do not favor an immediate release or reduced sentence. The court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).[3] Defendant "must make a compelling case as to why the [] court's § 3553(a) analysis would be different if conducted today." *Id.*

---

[2]     Defendant also does not appear to have exhausted his administrative remedies for this renewed compassionate release request, which is based on new grounds – diabetes and history as a cigarette smoker.

[3]     "[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives.'" *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying

Here, the nature and circumstances of Defendant's past behavior does not support an immediate release that would shorten his thirty-year sentence by almost two thirds. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A). The crime Defendant committed – nine offenses of drug and firearms traffickings – were serious, and Defendant has an extensive criminal record.

The imposed sentence is also necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Releasing Defendant now would denigrate, rather than promote, respect for the several laws he violated, and would fail to reflect the serious and troubling nature of his crimes. *Id.*; 18 U.S.C. § 3582(c)(1)(A). Such early release would not provide time for just punishment in reaction to the disregard for the law that Defendant repeatedly exhibited.

Further, Defendant's sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Defendant developed a career around illegal activities. A substantial term of imprisonment is needed to ensure deterrence to others who may consider engaging in criminal endeavors.

The sentence here can "provide [Defendant] with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Nothing suggests that Defendant's medical issues are not being well managed. Defendant also has been able to take advantage of courses, taught classes, and volunteered where he is detained. (ECF No. 150, PageID.1586, 1591.)

---

compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

Regarding "the sentencing range established," 18 U.S.C. § 3553(a)(4), Defendant's advisory guideline range starts at 360 months imprisonment. The court sentenced Defendant at the bottom of the range. Immediate release, when Defendant's projected release date is in December 2040, is not justified. 18 U.S.C. § 3553(a)(4).

The court is mindful of "[t]he need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, that concern is minimalized because the court took into account the advisory guideline range in imposing sentence. *See United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014) ("[I]t is well-settled that a sentence within the Guidelines furthers the goal of reducing disparities."). While quarreling with the difference between his sentence and that of his co-defendant (ECF No. 150, PageID.1592), Defendant does not demonstrate how his co-defendant has "similar records" and was "found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

In short, neither an extraordinary and compelling reason nor the § 3553(a) factors merit compassionate release.

## B.  Sentence Modification

Defendant also ask the court to reduce his sentence pursuant to the changes to the predicate drug offenses that mandate minimum sentences for recidivist offenders by Section 401 of the First Step Act of 2018. (ECF No. 158, PageID.1642.) His argument lacks merit. The First Step Act did not amend the predicate offenses for the Armed Career Criminal Act ("ACCA") purposes and does not affect Defendant's classification as an armed career criminal. *United States v. Brown*, No. 20-6409, 2022 WL 2135265, at *3 (6th Cir. Mar. 16, 2022) (citation omitted). Additionally, Defendant is not eligible for

6

relief under Section 401 because he was sentenced before the First Step Act was

enacted. *Id.* at *2-3 ("Section 401 of the First Step Act applies to an offense committed

before its effective date, December 21, 2018, only if the defendant was not sentenced

by that date.") (citing *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021)).

### III. CONCLUSION

Defendant has presented neither an extraordinary and compelling circumstance

nor § 3553(a) factors that favor compassionate release. Defendant's argument for

sentence modification under the First Step Act is also meritless  Accordingly,

IT IS ORDERED that Defendant's motion for compassionate release (ECF No.

150) and request for sentence modification or reduction (ECF No. 158) are DENIED.

IT IS FURTHER ORDERED that Defendant's requests for expedited ruling (ECF

No. 157, 161) are DENIED AS MOOT.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, December 12, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\15-20319.BROWNLEE.CompassionateRelief.NTH.docx