UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **ROY EDWARD BROWNLEE,**  Defendant. | **2:15-CR-20319-TGB-MKM-1**  HON. TERRENCE G. BERG  **ORDER DENYING ROY EDWARD BROWNLEE'S MOTIONS FOR COMPASSIONATE RELEASE**  **(ECF NOS. 189; 196)** |

Roy Edward Brownlee is in the custody of the United States Bureau of Prisons, pursuant to this Court's 360-month sentence imposed February 9, 2017. ECF No. 84, PageID.1066-67. Since then, Brownlee has filed an appeal, ECF No. 87, a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 98, an amended motion to vacate, ECF No. 108, a motion for compassionate release due to COVID-19, ECF No. 136, a renewed motion for compassionate release, ECF No. 150, a "request" for sentence modification, ECF No. 158, a third motion for compassionate release, ECF No. 172, and a fourth motion for compassionate release, ECF No. 182. The Court denied those motions.

Now, before the Court are Brownlee's fifth (May 31, 2024) and sixth (August 12, 2025) Motions for Compassionate Relief. ECF Nos. 189, 196. Pursuant to the Court's Order, the Government responded to Brownlee's 2024 Motion on July 18, 2024. ECF No. 192. After review of the record and the law, the Court will **DENY** Brownlee's Motions, ECF Nos. 189, 196.

## I. BACKGROUND

The Sixth Circuit summarized the factual background to Brownlee's conviction as follows:

> On the morning of April 5, 2015, Delanna Strickland opened the door to her son Benny's room. She found him slumped over the edge of his bed with a syringe and a needle in his right hand. A cigarette lighter, a spoon, and a cotton ball sat on the dresser a few feet away. Strickland tried to shake Benny awake. When he did not respond, she called 911. Medical personnel confirmed that he died from a drug overdose.
>
> Officers responded to Strickland's home and set out to determine who could have delivered the fatal batch of drugs. After reviewing texts and calls to and from Benny's cell phone involving several potential sellers, the DEA concluded that Zachary Burdette had delivered heroin to Benny on the night of his death. A few days later, Burdette admitted as much to DEA agents and told them that he had obtained the heroin from "Junior," whom agents identified as Roy Brownlee. Burdette agreed to arrange a series of undercover meetings with Brownlee. During those meetings,

> Brownlee offered or agreed to sell drugs and weapons.
>
> A grand jury indicted Brownlee. Count 1 charged him with conspiring to distribute drugs containing a Schedule I substance (heroin) and a Schedule II substance (fentanyl) during a four-month period from January through May 2015. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. In a separate paragraph, it also alleged that on April 4, 2015, the drugs distributed "during the course of the conspiracy" caused Benny's death. R. 20 at 2. The remaining counts charged Brownlee with distributing and attempting to distribute heroin (2, 5), being a felon in possession of a firearm (3, 6, 9), and dealing firearms without a license (4, 7).

*United States v. Brownlee*, 716 F. App'x 472, 473–74 (6th Cir. 2017)

> The jury found Brownlee guilty of all counts, including Count 1's charge of conspiring to distribute controlled substances. In response to a special question on the verdict form, the jury concluded that "the controlled substances distributed during the course of the conspiracy [did not] cause [Benny's] death." R. 66 at 1. . . . The district court sentenced [Brownlee] him to concurrent prison terms of 20 years (counts 1, 2, 5, and 8), 30 years (counts 3, 6, and 9), and 5 years (counts 4 and 7).

*Id.* at 474 (brackets in original).

In his instant Motions for Compassionate Release, Brownlee directs the Court to his medical conditions. He reports suffering from "Type 2 diabetes mellitus with diabetic neuropathy, sleep apnea, presbyopia (vision loss), hypertension, aggressive periodontitis (a form of tooth decay that results in rapid tooth loss), and shoulder pain." ECF No. 189,

3

PageID.1814. He states that his "most pressing concern is his potential prostate cancer, which the BOP currently has diagnosed as 'inflammatory disease of prostate, unspecified.'" *Id.* Brownlee has an elevated level of indicators which suggest a higher risk of prostate cancer. *Id.* at 1814-16. Additionally, he asserts that his diabetes and a heart condition are being managed poorly. *Id.* at 1817-18.

In their Response, the government submitted a statement from Naveed Anwar Gill, M.D., the Clinical Director of the Federal Corrections Institute-Memphis in Memphis, Tennessee, where Brownlee is housed. Gill stated that Brownlee does not have a diagnosis of prostate cancer. ECF No. 192-2, PageID.1850. Dr. Gill asserted that Brownlee's prostate cancer indicators were being monitored and had decreased. *Id.* Dr. Gill reported that Brownlee had been given extensive counseling on eliminating unhealthy foods from his diet, and that Brownlee's diabetes was complicated by his poor diet, lack of exercise, and issues with medication compliance. *Id.* at PageID.1850-51.

Brownlee argues that he should be released to home confinement because he suffers from a serious physical or medical condition which substantially diminishes his ability to provide self-care within a correctional facility, and because he is suffering from a medical condition requiring specialized care which is not being provided. ECF No. 189, PageID.1819 (*citing* USSG § 1B1.13(b)(1)(B)(i); (b)(1)(C)). He also argues

4

that the 18 U.S.C. § 3553(a) factors do not preclude his release. ECF No. 189, PageID.1824.

The government responds that Brownlee *is* receiving treatment for his medical conditions, and that the 18 U.S.C. § 3553(a) factors strongly weigh against Brownlee's release. ECF No. 192, PageID.1839-46. The government also submitted Brownlee's medical records in response to the Motions. *See* ECF No. 193. In a "Supplemental Brief" filed by Brownlee on March 3, 2025, Brownlee directed the Court's attention to record evidence that Brownlee is suffering from diabetes related degeneration of his feet. ECF No. 195, PageID.2157-58.

Brownlee filed another Motion for Compassionate Release on August 12, 2025. ECF No. 196. In it, he argued that he should be released pursuant to USSG § 1B1.13(b)(6). ECF No. 196, PageID.2192.

## II. STANDARD

Under federal law:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

## III. ANALYSIS

### A. Brownlee is Not Suffering from Conditions Which Will Not be Properly Treated in a Correctional Facility

The Sentencing Commission has provided policy statements that the following constitute "extraordinary and compelling reasons" to warrant a sentence reduction:

> The defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.

USSG § 1B1.13(b)(1)(B)(i).

> The defendant is suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG § 1B1.13(b)(1)(C).

Neither policy statement supports Brownlee's release.

With regard to Brownlee's concerns about prostate cancer, the record indicates that Brownlee does not have prostate cancer, that the Bureau of Prisons is monitoring the condition of his prostate, and that there are alternative causes for his elevated indicators than prostate cancer. *See* ECF No. 192-2, PageID.1850-51 (Dr. Gill's letter); ECF No. 192, PageID.1836-39 (the government's listing of alternative medical reasons why Brownlee's indicators may have been elevated). The Court's

review of Brownlee's sealed medical records also persuades the Court that the BOP is monitoring Brownlee's condition and is taking appropriate steps. See ECF No. 193, PageID.1904 (medical visit notes, describing antibiotic regimen due to diagnosis of prostatitis); PageID.1909-11 (medical visit notes describing urinary issues and testing performed); PageID.1925 (visit notes for preventative health medical exam); PageID.2053-54 (visit notes diagnosing Brownlee with inflammatory disease of prostate, prescribing Tamsulosin medication for said disease); PageID.2059 (visit notes renewing Tamsulosin prescription); PageID.2099 (test for prostate cancer indicators). With this record of evaluation, and with no cancer diagnosis, the Court concludes that with regard to prostate cancer, Brownlee is not suffering from a serious medical condition which justifies his release.

The record also indicates that Brownlee's diabetes is in part adversely affected by his own mismanagement of his disease. Brownlee has issues with medication compliance. He is prescribed Metformin and insulin for his diabetes, but "[t]akes metformin 'off and on' and usually twice daily instead of the prescribed amount." ECF No. 193, PageID.1933. In response to hearing this, Brownlee's treating medical professional warned him of the risks of hypertension, "including and not limited to blindness, stroke, heart attack, kidney disease, loss of limb and death." *Id.* On another occasion, Brownlee reported "poor diet choices." *Id.* at PageID.1902. His medical notes state that he is not exercising. *Id.*

7

at PageID.1940. On June 13, 2023, he failed to show up for a scheduled podiatrist, and was found in recreation instead. *Id.* at PageID.1945. He no-showed medical appointments on April 24, 2023 and March 24, 2023. *Id.* at PageID.1951-52.

Based on the available medical records, the Court is not persuaded that at this stage Brownlee is suffering from diabetes to such an extent that it makes it impossible for him to engage in self-care while incarcerated, or that Brownlee is suffering from diabetes for which treatment is not being provided. The record indicates that Brownlee can take positive steps to improve his disease of diabetes, such as improving his diet choices and exercising, and that the BOP is more than willing to provide Brownlee with medical attention and treatment for his condition. The Court does not minimize the difficult reality that Brownlee is experiencing challenging diabetes symptoms, but they do not justify his release because adequate care appears to be available at this time.

### B. The 3553(a) Factors do not Support Brownlee's Release

The Court also agrees with the analysis previously performed in this case by Judge Cleland in denying another Motion for Compassionate Release that Brownlee filed:

8

> Here, the nature and circumstances of Defendant's past behavior does not support an immediate release that would shorten his thirty-year sentence by almost two thirds. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A). The crime Defendant committed – nine offenses of drug and firearms traffickings – were serious, and Defendant has an extensive criminal record.
>
> The imposed sentence is also necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Releasing Defendant now would denigrate, rather than promote, respect for the several laws he violated, and would fail to reflect the serious and troubling nature of his crimes. *Id.*; 18 U.S.C. § 3582(c)(1)(A). Such early release would not provide time for just punishment in reaction to the disregard for the law that Defendant repeatedly exhibited.
>
> Further, Defendant's sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Defendant developed a career around illegal activities. A substantial term of imprisonment is needed to ensure deterrence to others who may consider engaging in criminal endeavors.

ECF No. 162, PageID.1666.

While Brownlee points to his increased age and the fact that he has developed a plan for release, ECF No. 189, PageID.1824, these factors do not persuade the Court that this analysis should differ today. Brownlee was convicted of dealing drugs and weapons while being a felon, and the sentence he received was significant in order to deter others from such conduct. Brownlee's sentence is long because of the serious nature of his

9

conduct. He has not pointed to compelling reasons that can justify his early release.

### C. Section 1B1.13(b)(6) of the Sentencing Guidelines Has Been Held Invalid

In his most recent filing, Brownlee seeks to rely on USSG § 1B1.13(b)(6), a recently adopted Application Note that applied to defendants who had received an "unusually long sentence," had served at least 10 years of that sentence, and where a recent change in law would produce a gross disparity between the sentence being served and what it would be if the change in law applied. Unfortunately for Brownlee's argument, the United States Court of Appeals for the Sixth Circuit recently invalidated that Sentencing Commission policy statement in *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), holding that it impermissibly instructed courts to apply nonretroactive changes in the law retroactively. *Id.* at 442-43. This Court must apply the precedent of the Sixth Circuit. Therefore, the Court cannot grant Brownlee's second Motion for Compassionate Release, ECF No. 196, which states that § 1B1.13(b)(6) is the new ground upon which he should receive relief. ECF No. 196, PageID.2192, PageID.2199.

## IV. CONCLUSION

Therefore, for the reasons given, Roy Brownlee's Motions for Compassionate Release, ECF Nos. 189, 196, are **DENIED.**

**SO ORDERED.**

Dated: August 22, 2025  /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE